1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LYNNARD SMITH,

11              Petitioner,                    No. CIV-S- 09-1778 GEB KJM P

12        vs.

13   DENNIS K. SISTO,                          ORDER AND

14              Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17   habeas corpus under 28 U.S.C. § 2254 challenging a 2007 denial of parole.  Respondent has filed

18   a motion to dismiss, arguing that the petition is not timely.  Petitioner has asked for an

19   evidentiary hearing on the question, but the court does not find good cause for a hearing.

20   I.  Background

21              Petitioner appeared before the Board of Parole Hearings (BPH) and was denied

22   parole on April 25, 2007.  Pet., Ex. A.

23   /////

24   /////

25   /////

26   /////

1

On August 29, 2007, petitioner filed a petition for a writ of habeas corpus in the Los Angeles County Superior Court.  Motion To Dismiss (MTD), Ex. 1.[1]  The court denied the petition on January 23, 2008.  Id., Ex. 2.

While his petition was pending in the Superior Court, petitioner filed a petition in the state Court of Appeal; it was denied on November 20, 2007, before the Superior Court had acted.  Id., Exs. 3-5.

Once again before the Superior Court issued its decision, petitioner filed an action in the California Supreme Court on January 3, 2008.  MTD, Ex. 6.  That petition was denied on June 25, 2008.  MTD, Ex. 7.

The instant petition was filed on March 12, 2009.

II.  Analysis

One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/////

---

[1]  The court relies on the date on the certificate of service.  Houston v. Lack, 487 U.S. 266, 276 (1988) (under the prison mailbox rule, a document is filed when it is given to prison authorities for mailing).

1
2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3
4
5

> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6   28 U.S.C. § 2244.

7           In this case, the parties dispute the proper triggering date for the statute of

8   limitations: respondent argues it was the day after the BPH decision, April 26, 2007; petitioner

9   argues it was August 23, 2007, which is the date the BPH decision became final.  Respondent

10  counters that petitioner's reliance on <u>Solorio v. Hartley</u>, 591 F.Supp.2d 1127 (C.D. Cal. 2008),

11  for his finality argument, is unavailing because that case failed to distinguish between

12  § 2241(d)(1)(A), which applies only to finality of state court convictions, and § 2241(d)(1)(D),

13  which governs the instant case.  While respondent is correct that § 2241(d)(1)(D) applies, his

14  argument does not take account of all the applicable precedent.

15          In <u>Redd v. McGrath</u>, 343 F.3d 1077, 1084 (9th Cir. 2003), the Ninth Circuit

16  recognized that it is § 2241(d)(1)(D) that governs the statute of limitations in habeas petitions

17  challenging administrative decisions.  It further explained that the triggering date is determined

18
19
20

> by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence.  This occurred when the Board denied Redd's administrative appeal on December 7, 1998.  Consequently, the limitations period began to run on the next day.

21
22
23

> We note that in addition to the Tenth Circuit, two other federal courts of appeals have also held that for prisoners challenging administrative decisions such as the denial of parole . . ., AEDPA's statute of limitations begins running under § 2244(d)(1)(D) on the date the administrative decision became final.

24  <u>Id</u>. at 1084; <u>see also</u> <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1066 (9th Cir. 2004).

25          This court acknowledges that after the decisions in <u>Redd</u> and <u>Shelby</u>, California

26  amended its regulations to abolish administrative appeals from parole denials.  See <u>Woods v.</u>

1    Salazar, 2009 WL 2246237 at 2 n.5 (C.D. Cal. 2009) (findings and recommendations discussing

2    repeal of appeals process and replacement with "proposed decision" procedure), adopted as

3    modified, 2009 WL 2246144 (C.D. Cal. 2009).  However, California law still provides that "any

4    proposed decision of the panel shall become final within 120 days of the hearing," to allow an

5    automatic review of any grants of parole and the review of "a random sample of parole denials"

6    by the chief counsel of the Board of Parole Hearings.  Cal. Penal Code § 3041(b); 15 Cal. Code

7    Regs. § 2041(h).  Under Redd and Shelby, petitioner cannot know the factual predicate of his

8    claim until the decision is final.  See also Tafoya v. Subia, 2010 WL 668920 at 3 (E.D. Cal. 2010)

9    (findings and recommendations), adopted, 2010 WL 1507133 (E.D. Cal. 2010).  Accordingly, the

10   statute began to run only upon the finality of the decision.  Tidwell v. Marshall, 620 F.Supp.2d

11   1098, 1100-01 (C.D. Cal. 2009).  In this case, the decision became final 120 days after the parole

12   denial, on August 24, 2007, and the statute of limitations began to run the next day, expiring on

13   August 25, 2008, without tolling.

14           The statute of limitations is tolled during the pendency of any "properly filed" state

15   collateral attack on the judgment.  Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).  In

16   Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of

17   limitations is tolled not only between the actual filing and decision on a writ, but also during those

18   reasonable periods between filings as a petitioner works his or her way "up the ladder" through

19   higher courts to complete "one full round" of state court review of claims.  Id. at 217, 219-20;

20   Evans v.Chavis, 546 U.S. 189 (2006).

21           In this case, petitioner stopped the clock when he filed his first petition on August

22   29, 2007.  Because he filed his additional petitions before the Superior Court acted, there were no

23   gaps.  He is entitled to tolling for the entire period between and including August 29, 2007 and

24   June 25, 2008, a total of 302 days.  Cf. Wormley v. State of California, 2009 WL 783511 at 2

25   (C.D. Cal. 2009).  These days extended the expiration date of the statute of limitations until June

26   23, 2009.  The instant petition, filed more than three months earlier, is timely.

III.  Motion To Appoint Counsel

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

IT IS THEREFORE ORDERED that petitioner's motion for the appointment of counsel (docket no. 14) is denied.

IT IS FURTHER RECOMMENDED that respondent's motion to dismiss (docket no. 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 9, 2010.

_____
U.S. MAGISTRATE JUDGE

2 smit1778.157