IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYNNARD SMITH,

    Petitioner,　　　　　　　　No. CIV S-09-1778 GEB CKD P

  vs.

DENNIS K. SISTO,

    Respondent,　　　　　　　　<u>FINDINGS & RECOMMENDATIONS</u>

                               /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises due process and Eighth Amendment challenges to the 2007 decision of the California Board of Parole Hearings (hereinafter "Board") denying him parole. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be dismissed.

PROCEDURAL BACKGROUND

        In 1988, petitioner was convicted of first degree murder. He is serving a state prison term of 25 years to life. (Dkt. No. 1 ("Ptn.") at 3.) At petitioner's parole consideration hearing on April 25, 2007, the Board found petitioner unsuitable for release on parole and issued a four-year denial. (Dkt. No. 1-1 at 82-93.)

\\\\\

Petitioner filed three state habeas petitions challenging the Board's 2007 decision. He first filed a petition in the Los Angeles County Superior Court raising the following claims: (1) the Board's 2007 decision to deny parole violated his due process rights; (2) the Board violated his right under Cal. Penal Code section 3041.5 to assistance at the hearing; (3) the Board's decision denying him parole rendered his sentence disproportionate in violation of the Eighth Amendment; (4) the Board violated California law by allowing a representative from the Los Angeles County District Attorney's Office to testify during his parole consideration hearing; (5) the California Legislature violated California law in 1982 when it amended Cal. Penal Code sections 3042 and 3043 to permit victims and their families to testify during parole consideration hearings; and (6) the Board violated California law by classifying him as an indeterminately sentenced prisoner and requiring him to demonstrate his suitability for parole before he could be released on parole. (Dkt. No. 19-1 at 2-44.) The superior court issued a reasoned decision denying petitioner's due process claim, and denying by implication all other claims without discussing their merits. (Dkt. No. 19-1 at 74-75.)

Petitioner filed a petition in the California Court of Appeal, Second Appellate District, raising the same claims. (Dkt. No. 19-2 at 2-157.) The court of appeal denied the petition, citing In re Rosenkrantz, 29 Cal. 4th 616 (2002) and In re Dannenberg, 34 Cal. 4th 1061, 1070-71 (2005). (Id. at 159.) Petitioner next filed a petition in the California Supreme Court raising these claims. (Dkt. No. 19-3 at 4-158.) The California Supreme Court summarily denied the petition. (Id. at 160.)

On March 12, 2009, petitioner commenced this action by filing the instant petition raising the same claims as in his state petitions.[1] Respondent filed an answer and petitioner filed

---

[1] Insofar as petitioner may be attempting to raise new or different claims, petitioner has not met his burden of proving exhaustion pursuant to 28 U.S.C. § 2254(b)(1), and any such claims should be dismissed. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (where petitioner did not meet his burden to demonstrate state court exhaustion of claims, "[t]he district court should have dismissed the petition for failure to exhaust.").

a traverse.

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues <u>de novo</u>. <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also <u>Penry v. Johnson</u>, 532 U.S. 782, 792-93 (2001); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000); <u>Lockhart v. Terhune</u>, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. <u>Delgadillo v. Woodford</u>, 527 F.3d 919, 925 (9th Cir. 2008). See

3

1  also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we
2  may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error,
3  we must decide the habeas petition by considering de novo the constitutional issues raised.").

4        The court looks to the last reasoned state court decision as the basis for the state
5  court judgment.[2]  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  See also Barker v.
6  Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated
7  a claim, we analyze the last reasoned decision").  If the last reasoned state court decision adopts
8  or substantially incorporates the reasoning from a previous state court decision, this court may
9  consider both decisions to ascertain the reasoning of the last decision.  Edwards v. Lamarque,
10 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  Where the state court reaches a decision on the
11 merits but provides no reasoning to support its conclusion, a federal habeas court independently
12 reviews the record to determine whether habeas corpus relief is available under § 2254(d).
13 Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167
14 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's
15 claim the AEDPA's deferential standard does not apply and a federal habeas court must review
16 the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

17 II. Scope of Review Applicable to Due Process Challenges to the Denial of Parole

18       The Due Process Clause of the Fourteenth Amendment prohibits state action that
19 deprives a person of life, liberty, or property without due process of law.  A litigant alleging a
20 due process violation must first demonstrate that he was deprived of a liberty or property interest
21 protected by the Due Process Clause and then show that the procedures attendant upon the
22 deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,
23 490 U.S. 454, 459-60 (1989).

24 \\\\\

---

[2] Here, the last reasoned state court decision issued from the Los Angeles County Superior Court.

4

1    A protected liberty interest may arise from either the Due Process Clause of the
2 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
3 expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,
4 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States
5 Constitution does not, of its own force, create a protected liberty interest in a parole date, even
6 one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of
7 Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
8 person to be conditionally released before the expiration of a valid sentence."). However, a
9 state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
10 will be granted" when or unless certain designated findings are made, and thereby gives rise to a
11 constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

12    California's parole scheme gives rise to a liberty interest in parole protected by the
13 federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
14 Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout,131 S.
15 Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of
16 Supreme Court authority); Pearson v. Muntz, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir.
17 Apr. 5, 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a
18 liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is
19 "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06,
20 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

21    In Swarthout, the Supreme Court reviewed two cases in which California
22 prisoners were denied parole – in one case by the Board, and in the other by the Governor after
23 the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that
24 when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment
25 requires fair procedures, "and federal courts will review the application of those constitutionally
26 required procedures." Id. at 862. The Court concluded that in the parole context, however, "the

1  procedures required are minimal" and that the "Constitution does not require more" than "an
2  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
3  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit
4  decisions that went beyond these minimal procedural requirements and "reviewed the state
5  courts' decisions on the merits and concluded that they had unreasonably determined the facts in
6  light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected
7  the application of the "some evidence" standard to parole decisions by the California courts as a
8  component of the federal due process standard.  Id. at 862-63.  See also Pearson, 2011 WL
9  1238007 at *4.

III.  Petitioner's Claims

A.  Due Process

Petitioner seeks federal habeas relief on the grounds that the Board's 2007 decision to deny him parole, the findings upon which that denial was based, and the Los Angeles County Superior Court's decision to affirm the Board were not supported by "some evidence," as required under California law.  However, after the Supreme Court's decision in Swarthout, it is clear that the question of whether the Board reasonably applied California's "some evidence" standard to a prisoner's grant of parole does not give rise to a claim for federal habeas relief. Swarthout, 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 2011 WL 1238007, at *3 (9th Cir.

6

Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

In this case, the record reflects that plaintiff had an "opportunity to be heard" at his 2007 parole hearing and the Board issued a statement of reasons for denying parole. Petitioner thus received all the process due him under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3; Pearson, 2011 WL 1238007, at *3. His due process claims must be dismissed.

### B. Eighth Amendment

Petitioner also claims that the Board's 2007 decision denying him parole rendered his sentence disproportionate in violation of the Eighth Amendment. However, petitioner was constitutionally sentenced to 25 years to life in prison for the crime of first-degree murder. See Rummel v. Estelle, 445 U.S. 263, 265-266 (1980) ("the length of the sentenced actually imposed is purely a matter of legislative prerogative.") The Board's decision to deny petitioner parole due to a finding of unreasonable risk to society was consistent with this sentence. Accordingly, plaintiff's Eighth Amendment claim should be dismissed.

### C. State Law Claims

Petitioner makes various claims that the Board and the California Legislature violated California law with respect to his 2007 parole hearing. However, a federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000). Thus petitioner's state law claims should also be dismissed.

\\\\\

\\\\\

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Dkt. No. 1) be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

Dated: April 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
smit1778.parole